**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Michael Burleson,
        Plaintiff,

vs.                                CASE NO.: 8:12-cv-591-T-24TGW

The Sherwin Williams Company,
        Defendant.
_____/

**NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05 AND**
**ORDER REQUIRING ELECTRONIC FILING**

Please take notice that, in accordance with Local Rule 3.05, this action is designated as a Track Two Case. Plaintiff is responsible for serving a copy of this notice and any attachment to this notice upon all other parties. All parties must meet any requirements established in Local Rule 3.05 for cases designated on this track. With respect to Track Two and Track Three Cases, parties should utilize the attached Case Management Report form.

Effective July 12, 2004, all attorneys appearing before this Court must sign up and use CM/ECF to file and receive documents in all actions pending before this Court no later than 15 days after appearing in an action. After signing up for CM/ECF, counsel must enter an email address into their CM/ECF account at which counsel will receive all Court filings.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of March, 2012.

SUSAN C. BUCKLEW
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Michael Burleson,
        Plaintiff,

vs.                                  CASE NO.: 8:12-cv-591-T-24TGW

The Sherwin Williams Company,
        Defendant.
_____/

## NOTICE

The Court advises the parties of the following:

A.     Most Track 2 cases will be tried within twelve (12) to eighteen (18) months of the filing date. In order to further the prompt resolution of this case, Judge Bucklew encourages the completion of discovery on or before six (6) to eight (8) months after the date of the defendant(s)' first pleading. Parties seeking more than eight (8) months for discovery shall make such request, along with a showing of good cause, in an addendum to the Case Management Report.

B.     A Pretrial Conference will be set ninety (90) days after the dispositive motions deadline. A trial will be scheduled one hundred and twenty (120) days after the dispositive motions deadline.

C.     **MOTIONS FOR EXTENSION OF TIME RARELY WILL BE GRANTED AND ONLY UPON A SHOWING OF GOOD CAUSE.**

                                          SUSAN C. BUCKLEW
                                          United States District Judge
                                          By:   *Susan Saylor*
                                                    Courtroom Deputy

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

,
               Plaintiff,

vs.                                     CASE NO.:

,
               Defendant.
                                     /

## CASE MANAGEMENT REPORT

1.   <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on _____ (date) at _____ (time) (check one) (__) by telephone (or) (__) at _____ __ (place) and was attended by:

<u>Name</u>                                                <u>Counsel for (if applicable</u>

2.   <u>Initial Disclosures</u>:

a.  Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or

reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

    ____ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____ (date).[2]

    ____ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____
_____

    ____ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____
_____

3.    <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.  <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1).  Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order.  <u>See</u> Fed. R. Civ. P. 26(a)(1).

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

 (2) <u>Written Interrogatories:</u>

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

 (3) <u>Requests for Production or Inspection:</u>

 (4) <u>Oral Depositions:</u>

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
|      |                               |         |

(cont'd)

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
|      |                               |         |

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

      d. <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before _____ (date).

4.    <u>Discovery Plan - Defendant</u>:  The parties jointly propose the following Defendant's discovery plan:

    a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1) <u>Requests for Admission:</u>

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

      (2) <u>Written Interrogatories:</u>

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must

be made in paragraph 6 below and approved by the court.

    (3) <u>Requests for Production or Inspection:</u>

    (4) <u>Oral Depositions:</u>

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| | | |

    b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

    c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that

      Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

      d.  <u>Completion of Discovery</u>:  Defendant will commence all discovery in time for it to be completed on or before _____ (date).

      5.  <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

      6.  <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:

      7.  <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be _____. (Note time limit in Local Rule 4.03.)

      8.  <u>Settlement and Alternative Dispute Resolution</u>:  Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
\_\_\_ likely      (check one)
\_\_\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).      yes      no      likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

      9.  <u>Consent to Magistrate Judge Jurisdiction</u>:  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636.  Form is attached.

      yes           no           likely to agree in future

      10.   <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
   ___request  (check one)
   ___do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

      11.   <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after _____(date) and for trial on or after _____(date).  This **Jury** ___ **Non-Jury** ___ trial is expected to take approximately ___ hours.

      12.   <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

      13.   <u>Other Matters</u>:

                                      Date:

                                      Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

# UNITED STATES DISTRICT COURT
### FOR THE
### MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| _____ | ) | |
| PLAINTIFF | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| _____ | ) | |
| DEFENDANT | ) | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*NOTICE OF A MAGISTRATE JUDGE'S AVAILABILITY.* A UNITED STATES MAGISTRATE JUDGE OF THIS COURT IS AVAILABLE TO CONDUCT ALL PROCEEDINGS IN THIS CIVIL ACTION (INCLUDING A JURY OR NONJURY TRIAL) AND TO ORDER THE ENTRY OF A FINAL JUDGMENT. THE JUDGMENT MAY THEN BE APPEALED DIRECTLY TO THE UNITED STATES COURT OF APPEALS LIKE ANY OTHER JUDGMENT OF THIS COURT. A MAGISTRATE JUDGE MAY EXERCISE THIS AUTHORITY ONLY IF ALL PARTIES VOLUNTARILY CONSENT.

YOU MAY CONSENT TO HAVE YOUR CASE REFERRED TO A MAGISTRATE JUDGE, OR YOU MAY WITHHOLD YOUR CONSENT WITHOUT ADVERSE SUBSTANTIVE CONSEQUENCES. THE NAME OF ANY PARTY WITHHOLDING CONSENT WILL NOT BE REVEALED TO ANY JUDGE WHO MAY OTHERWISE BE INVOLVED WITH YOUR CASE.

*CONSENT TO A MAGISTRATE JUDGE'S AUTHORITY.* THE FOLLOWING PARTIES CONSENT TO HAVE A UNITED STATES MAGISTRATE JUDGE CONDUCT ALL PROCEEDINGS IN THIS CASE INCLUDING TRIAL, THE ENTRY OF FINAL JUDGMENT, AND ALL POST-TRIAL PROCEEDINGS.

| PARTIES' PRINTED NAMES | SIGNATURES OF PARTIES OR | DATES |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### REFERENCE ORDER

**IT IS ORDERED:** THIS CASE IS REFERRED TO A UNITED STATES MAGISTRATE JUDGE TO CONDUCT ALL PROCEEDINGS AND ORDER THE ENTRY OF A FINAL JUDGMENT IN ACCORDANCE WITH 28 U.S.C. § 636(C) AND FED. R. CIV. P. 73.

DATE: _____

_____
*DISTRICT JUDGE'S SIGNATURE*

_____
*PRINTED NAME AND TITLE*

NOTE: RETURN THIS FORM TO THE CLERK OF COURT ONLY IF YOU ARE CONSENTING TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE. DO NOT RETURN THIS FORM TO A JUDGE.